UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**AUSTIN ROOT,**

    **Plaintiff,**

vs.                                                                  Case No.:

**OFFICER D. KLING,** Individually; and
**CITY OF JACKSONVILLE BEACH, FLORIDA,**
a municipality,

    **Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Austin Root, brings this action seeking monetary damages, attorney's fees, and costs against Defendants and alleges the following:

1. This is an action for damages, attorney's fees, and costs for the deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendment to the United States Constitution, as well as claims under Florida law.

## JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this Court pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. §§1331 and 1343, as to the federal claims herein. The Court has supplemental jurisdiction as to the state law claims pursuant to 28 U.S.C. §1367.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391, in that the cause of action arose in this district.

## PARTIES

4. Plaintiff, Austin Root, is a resident of Jacksonville, Duval County, Florida and a

citizen of the United States.

5. Defendant, D. Kling, was, at all times relevant, a sworn member of the Jacksonville Beach Police Department ("JBPD").

6. Defendant, City of Jacksonville Beach, Florida ("City"), was at all times relevant, responsible for the supervision, training, instruction, discipline, control, and conduct of officers of JBPD and made policy for JBPD with respect to seizures, searches, arrests, and use of force. At all times relevant, Defendant City had the power, right, and duty to train and control its officers, agents, and employees to conform to the Constitution of the United States and to ensure that all orders, rules, instructions, and regulations promulgated for JBPD were consistent with the Constitution of the United States. At all times relevant, the City's agents and employees acted under color of state of law.

## FACTUAL ALLEGATIONS

7. On or about the evening of June 16, 2017, Austin Root, accompanied by several friends, went to various establishments in Jacksonville Beach, Florida.

8. On June 17, 2017, at approximately 1:00 a.m., Mr. Root was denied entry into the Shim Sham Room.

9. Several of Mr. Root's friends were inside the Shim Sham Room at the time.

10. Mr. Root subsequently entered the Shim Sham Room but was thereafter escorted outside by one of the establishment's security staff.

11. As Mr. Root was escorted out of the Shim Sham Room, Mr. Root was speaking to a plain clothes security staff member as an officer from the JBPD stood nearby.

12. During Mr. Root's conversation with the security staff member, Officer D. Kling of the JBPD approached Mr. Root from behind and slammed him down onto the concrete pavement

without warning.

13. As Mr. Root was slammed down onto the concrete pavement, he hit his head on the concrete pavement.

14. Upon impact with the concrete pavement, Mr. Root immediately vomited and started bleeding out of the back of his head.

15. Mr. Root was transported to Baptist Medical Center Beaches where a CT scan of his head was performed and revealed a fracture to the right temporal portion of his skull extending into the skull base.

16. Mr. Root was then transported to Baptist Medical Center in downtown Jacksonville for possible neurosurgical intervention.

17. In addition to the fractured skull, Mr. Root suffered a brain bleed, concussion, and a shoulder injury.

18. Mr. Root still suffers neurological problems from the damage inflicted by Officer Kling and is currently prescribed seizure medication as a result of his injuries.

## COUNT I
## UNREASONABLE SEARCH and SEIZURE: EXCESSIVE FORCE
(Defendant Kling)

19. Paragraphs 1 through 18 above are realleged and incorporated by reference herein.

20. Defendant Kling's actions in slamming Mr. Root to the ground from behind causing Mr. Root to hit his head on the concrete curb/pavement constituted an unreasonable seizure under the Fourth and Fourteenth Amendment of the United States Constitution.

21. The acts and omissions above were undertaken with Defendant Kling's willful, wanton, callous, and knowing disregard of the clearly established rights of Mr. Root under the law to be free from unreasonable searches and seizures.

22. As a direct and proximate result of Defendant Kling's seizure, Mr. Root suffered damages, including, but not limited to, severe pain and suffering, physical injuries, severe emotional and psychological distress, and loss of earnings.

WHEREFORE, Plaintiff, demands judgment against Defendant Kling, individually, for:

(a) actual and compensatory damages;

(b) punitive damages;

(c) an award of attorney's fees and costs; and

(d) any other relief this Court deems just and proper.

## COUNT II
## STATE LAW CLAIM: BATTERY
### (Defendant City of Jacksonville Beach)

23. Paragraphs 1 through 18 above are realleged and incorporated by reference herein.

24. Plaintiff has satisfied all conditions precedent to bringing this action as required pursuant to §768.28, Fla. Stat. (2019) and §59, Jacksonville Beach Ordinance Code.

25. Defendant Kling, an officer of JBPD, actually and intentionally struck Mr. Root against his will, without legal justification.

26. The City of Jacksonville Beach, having given its officer the authority to use force against Mr. Root, is liable for abuse of such authority.

27. As a result of Defendant Kling's battery and abuse of his authority, Mr. Root suffered damages, including, but not limited to, severe pain and suffering, physical injuries, mental anguish and emotional distress.

WHEREFORE, Plaintiff demands judgment against the City of Jacksonville Beach for:

(a) actual and compensatory damages;

(b) costs; and

(c) any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 7th day of February, 2020.

                                    Respectfully submitted,

                                    */s/ Matthew R. Kachergus*
Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 55712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:   (904) 356-9661
Facsimile:   (904) 356-9667
Email:   sheplaw@sheppardwhite.com
COUNSEL FOR PLAINTIFF

MRK/lr[root.complaint]