**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AUSTIN ROOT,

        Plaintiff,

v.                                                     Case No. 3:20-cv-118-J-34JRK

OFFICER D. KLING and CITY OF
JACKSONVILLE BEACH, FLORIDA,

        Defendants.

_____

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Response to Defendant Kling's Motion to Dismiss (Doc. 16; Response), filed on March 18, 2020. In the Response, Plaintiff, in addition to asserting that Defendant Officer D. Kling's motion to dismiss is due to be denied, alternatively contends that if the Court finds that the Complaint and Demand for Jury Trial (Doc. 1; Complaint) is due to be dismissed, that it "should be dismissed without prejudice to permit Plaintiff" to plead the necessary allegations "more explicitly." See Response at 8-9. As such, Plaintiff is essentially requesting that, in the event the Court determines that the allegations in his Complaint are inadequate, he be granted the opportunity to file an amended complaint or a new complaint in a separate action. However, this thinly veiled request for leave to amend is legally insufficient and therefore due to be denied.

Pursuant to Rule 7, and Eleventh Circuit precedent, a request for affirmative relief must be presented to the Court in a motion. See Fed. R. Civ. P. 7(b) ("A request for a court

order must be made by motion."). Thus, a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("'Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.'" (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999))); Davidson v. Maraj, 609 F. App'x 994, 1002 (11th Cir. 2015) ("It has long been established in this Circuit that a district court does not abuse its discretion by denying a general and cursory request for leave to amend contained in an opposition brief." (citations omitted)). Indeed, "the proper method to request leave to amend is through filing a motion, and such motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Burgess v. Religious Tech. Ctr., Inc., 600 F. App'x 657, 665 (11th Cir. 2015) (citing Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999)); see also Newton v. Duke Energy Fla., LLC, 895 F.3d 1270, 1277 (11th Cir. 2018) ("When moving the district court for leave to amend its complaint, the plaintiff must 'set forth the substance of the proposed amendment or attach a copy of the proposed amendment' to its motion." (quoting Cita Tr. Co. AG v. Fifth Third Bank, 879 F.3d 1151, 1157 (11th Cir. 2018))); McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment). This makes sense because without knowing the substance of a plaintiff's proposed amendment, a court would be unable to determine whether the plaintiff could amend the complaint to cure a defective claim. See U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1362 (11th Cir. 2006) ("[A] plaintiff should not be allowed to amend [her]

complaint without showing how the complaint could be amended to save the meritless claim." (internal quotation marks and citation omitted)). Thus, to the extent Plaintiff's request that any dismissal be without prejudice is intended to seek or secure an opportunity to file an amended complaint, it is not properly before the Court.[1]

As such, Plaintiff is advised that, if he believes a "more explicitly" drafted complaint would cure any alleged deficiency identified by Defendant Kling in his motion to dismiss, Plaintiff is required to file an appropriate motion for leave to amend his Complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.[2] Significantly, Plaintiff cannot await the Court's ruling on the motion to dismiss before properly seeking leave to amend. See Avena v. Imperial Salon & Spa, Inc., 740 F. App'x 679, 683 (11th Cir. 2018) (stating that the Eleventh Circuit has "rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend") (citing Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002)). Plaintiff is further cautioned that in the event the Court determines that the motion to dismiss for failure to state a claim is due to be granted, and Plaintiff has not filed a proper motion requesting leave to amend, any such dismissal likely would be with prejudice. See Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc., 673 F. App'x 925, 929-930 (11th Cir.

---

[1] Moreover, any request to amend the complaint must also comply with Local Rules 3.01(a) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g).

[2] In making this observation, the Court expresses absolutely no opinion on the merit of Defendant Kling's arguments. Indeed, the Court has not yet undertaken a review of the substantive arguments. Rather, as is this Court's custom and in an abundance of caution, the Court enters this Order simply to address the procedural posture of the case.

2016) (noting that a dismissal for failure to state a claim under Rule 12(b)(6) ordinarily acts as a dismissal with prejudice and affirming the refusal to give a plaintiff a "second bite at [the] apple" where the plaintiff "inexplicably failed to follow the well-trodden procedural path toward amendment"); see also Wagner, 314 F.3d at 542 ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); Long, 181 F.3d at 1279-80 (holding that a plaintiff's failure to properly request leave to amend "preclude[d] the plaintiff's argument on appeal that the district court abused its discretion by denying her leave to amend her complaint"); Davidson, 609 F. App'x at 1002 ("Under our case law, Davidson's request for leave to amend was insufficient as a matter of law and the district court did not abuse its discretion in denying it."); Cita, 879 F.3d at 1157 (holding that the plaintiff had failed to properly move to amend its complaint where "[a]ll [the plaintiff] did was, in the conclusion of its response in opposition to Fifth Third's motion to dismiss the complaint, alternatively request dismissal without prejudice so that it could amend the complaint").[3]

Accordingly, it is

---

[3] In the Response, Plaintiff relies on Washington v. Dep't of Children & Families, 256 F. App'x 326, 328 (11th Cir. 2007) for the proposition that "[d]ismissal with prejudice is a drastic sanction, and should be imposed only as a last resort." See Response at 9. However, Washington is inapposite to the instant action for two reasons. First, the plaintiff in that case was proceeding pro se, see Washington, 256 F. App'x at 327, and as such, Eleventh Circuit precedent required that the plaintiff be given at least one opportunity to amend his complaint unless amendment would be futile. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir 1991) overruled in part by Wagner, 314 F.3d at 542-43 & n.1. In a case such as this, however, where Plaintiff is represented by counsel, the Eleventh Circuit has explicitly held that the rule set forth in Bank does not apply. See Wagner, 314 F.3d at 542-43 (critiquing the Bank rule as it allowed a plaintiff to "sit idly by as he awaited the district court's determination with respect to a Rule 12(b)(6) motion to dismiss"). Moreover, in Washington, the district court dismissed the complaint because it was an improper shotgun pleading, see Washington, 256 F. App'x at 327-28, another "special circumstance" where the Eleventh Circuit has "required district courts to sua sponte allow a litigant one chance to remedy such deficiencies." See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295-96 (11th Cir. 2018). As Defendant Kling does not seek dismissal on shotgun pleading grounds in his motion to dismiss, this "special circumstance" does not apply in this case either. As such, Plaintiff's reliance on Washington is unavailing.

4

**ORDERED**:

To the extent that he requests affirmative relief from the Court, Plaintiff's Response to Defendant Kling's Motion to Dismiss (Doc. 16) is **DENIED without prejudice** to filing a legally sufficient motion for leave to amend that complies with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**DONE AND ORDERED** in Jacksonville, Florida, March 26, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:
Counsel of Record