UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AUSTIN ROOT,

    Plaintiff,

v.                                            Case No. 3:20-cv-118-J-34JRK

OFFICER D. KLING, Individually; and
CITY OF JACKSONVILLE BEACH,
FLORIDA, a municipality,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Defendant Officer D. Kling's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 24; Motion), filed on April 15, 2020. In the Motion, Officer Kling (Kling) asserts that Count I of the Amended Complaint and Demand for Jury Trial (Doc. 21; Amended Complaint) should be dismissed for failure to state a claim pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)). See Motion at 2, 5. Plaintiff Austin Root (Root) filed a response in opposition to the Motion on April 29, 2020. See Plaintiff's Response to Defendant Kling's Motion to Dismiss (Doc. 25; Response). Accordingly, the Motion is ripe for review.

**I.    Background[1]**

On the evening of June 16, 2017, Root was in Jacksonville Beach, Florida with friends. See Amended Complaint ¶ 7. At approximately 1:00 am the next morning, "Root was denied access to the Shim Sham Room," an establishment in Jacksonville Beach. Id. ¶ 8. As several of his friends were inside, Root subsequently entered the Shim Sham Room anyway, but security staff escorted him out. Id. ¶ 9, 10. Outside Root began conversing with a plain clothes security staff member. Id. ¶ 11. During this conversation, Officer Kling of the Jacksonville Beach Police Department allegedly "approached Mr. Root from behind and slammed him down onto the concrete pavement without warning." Id. ¶¶ 11-12. According to Root, at no time did he behave aggressively or disobey any lawful order given by any law enforcement officers. Id. ¶ 13. When Kling slammed Root to the ground, Root hit his head on the concrete pavement causing him to immediately vomit and the back of his head to start bleeding. Id. ¶¶ 14-15. Root was taken to Baptist Medical Center Beaches where he had a CT scan of his head that "revealed a fracture to the right temporal portion of his skull extending into the skull base." Id. ¶ 16. Root was then transferred to Baptist Medical Center in downtown Jacksonville. Id. ¶ 17. "In addition to the fractured skull, Mr. Root suffered a brain bleed, concussion, and shoulder injury" and continues to suffer "neurological problems." Id. ¶¶ 18-19.

---

[1] In considering a motion to dismiss, the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Amended Complaint and may differ from those that ultimately can be proved.

## II. Procedural History

Root initiated this action on February 7, 2020, by filing a Complaint and Demand for Jury Trial (Doc. 1; Complaint) against Defendants the City of Jacksonville Beach, Florida (the City), and Officer Kling. In the Complaint, Root asserted an excessive force claim against Kling pursuant to the Fourth and Fourteenth Amendment, as well as a state law claim for battery against the City. See generally Complaint. On March 4, 2020, Kling filed a motion to dismiss the Complaint. See Defendant Officer D. Kling's Motion to Dismiss Complaint (Doc. 8; Initial Motion). In the Initial Motion, Kling argued that: Root failed to adequately allege a Fourth Amendment excessive force claim, Kling is entitled to qualified immunity, and Root improperly asserted a Fourteenth Amendment excessive force claim. See generally Initial Motion. On April 2, 2020, with leave of Court, Root filed the Amended Complaint, in which he sets forth additional factual allegations and reasserts the same claims against Kling and the City. See Amended Complaint; Order (Doc. 20). Based on the filing of an Amended Complaint, the Court denied Kling's Initial Motion as moot. See Order (Doc. 22), entered April 3, 2020.

On April 15, 2020, Kling filed the instant Motion. Notably, Kling does not reassert his previous arguments with respect to the sufficiency of the Fourth Amendment excessive force allegations or qualified immunity. Instead, Kling moves for dismissal of Count I solely "[t]o the extent [Root] attempts to plead a Fourteenth Amendment excessive force claim . . .." See Motion at 3-4. Kling argues that the Fourteenth Amendment governs claims of excessive force only during subsequent pretrial detention. Id. at 4. Since Root alleges the use of excessive force in the course of his arrest before he was detained, Kling argues that the Fourteenth Amendment does not apply. Id. In the

3

Response, Root clarifies that the reference to the Fourteenth Amendment is not a separate claim. See Response at 2. Rather, it is meant to recognize that the Fourteenth Amendment's Due Process Clause enforces the Fourth Amendment against state actors. Id. at 2-3.

## III.   Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory

4

allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

## IV. Discussion

As stated above, Kling moves for dismissal "to the extent" Root brings a Fourteenth Amendment claim arguing that "the Fourteenth Amendment does not apply as to an excessive force claim related to an arrest," as alleged here. See Motion at 4. Kling is correct that the Fourteenth Amendment governs excessive force claims arising during pretrial detention and not during the arrest. See Cottrell v. Caldwell, 85 F. 3d 1480, 1490 (11th Cir. 1996); see also Polanco v. City of Marco Island, No. 2:10-cv-605-FtM-29DNF, 2011 WL 2911002, *3 (M.D. Fla. July 19, 2011). Nevertheless, Kling's request for dismissal is unavailing because it is based on a fundamental misinterpretation of Root's Amended Complaint. Contrary to Kling's characterization, Root's excessive force claim is plainly premised on the Fourth Amendment. See Amended Complaint ¶ 21 (identifying Count I as a "Fourth Amendment Unreasonable Search and Seizure: Excessive Force" claim (emphasis added)). Root's invocation of the Fourteenth Amendment in Count I is meant to support his reliance on the Fourth Amendment in his excessive force claim against Kling, a state actor, not to allege a separate excessive force claim under the

5

Fourteenth Amendment. In doing so, Root stands on well-established Supreme Court precedent holding that the Fourth Amendment applies to state actors through the Fourteenth Amendment. See Ker v. State of Cal. 374 U.S. 23, 30-31 (1963); see also Malloy v. Hogan, 378 U.S. 1, 10 (1964). Indeed, the Supreme Court has unequivocally instructed that the Fourth Amendment prohibition of unreasonable search and seizure applies to the States under the Fourteenth Amendment "according to the same standards that protect those personal rights against federal encroachment." Malloy, 378 U.S. at 10; see also McDonald v. City of Chicago, Ill., 561 U.S. 742, 764-65, 765 nn.12-13 (2010) (noting that the Supreme Court has "incorporated almost all of the provisions of the Bill of Rights" through the Due Process Clause, including the Fourth Amendment); see also Stephens v. DeGiovanni, 852 F.3d 1298, 1314 n. 12 (11th Cir. 2017). Thus, the Fourteenth Amendment guarantees an individual's Fourth Amendment protection from excessive force by state actors. See Garrett v. Athens-Clarke County, Ga., 378 F.3d 1274, 1297, 1297 n.9 (11th Cir. 2004); see also Moreland v. Dorsey, 230 F. Supp. 2d 1338, 1343 n.3 (N.D. Ga. 2002) (noting that the plaintiff's claim implicated the Fourteenth Amendment's "enabling aspect that permits a plaintiff to assert a violation of the Bill of Rights against a state actor, but [did] not implicate the Fourteenth Amendment as a source of substantive protections against unreasonable search and seizures").

Here Root's reference to the Fourteenth Amendment simply supports his Fourth Amendment excessive force claim against Kling, a state actor. Thus, Kling's argument in the Motion that the reference to the Fourteenth Amendment warrants dismissal is without merit. Since Kling does not otherwise challenge the sufficiency of the underlying allegations in support of the excessive force claim, the Court need not address them here.

In light of the foregoing, Kling's Motion is due to be denied.

Accordingly, it is

**ORDERED**:

1. Defendant Officer D. Kling's Motion to Dismiss (Doc. 24) is **DENIED**.

2. Defendant shall respond to the Amended Complaint (Doc. 21) in accordance with the requirements of Rule 12, Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida on July 15, 2020.

MARCIA MORALES HOWARD
United States District Judge

i46
Copies to:
Counsel of Record